IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONDELL HUDSON, | : | 1:13-cv-2207 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JUDGE HARRY NESS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### September 11, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 4) filed on August 22, 2013 recommending that *pro se* Plaintiff Rondell Hudson's ("Plaintiff" or "Hudson") complaint be dismissed, but with leave to amend. Objections to the R&R were due by September 9, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

**I.   STANDARD OF REVIEW**

1

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

In the instant matter Hudson seeks monetary damages against state court judges, a state agency, and a municipality for injuries allegedly caused by domestic relations rulings adverse to him made in state court. Magistrate Judge Carlson undertook a review of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) and

recommends its dismissal with leave to amend. For the reasons that follow, we agree.

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack the jurisdiction to review state court adjudications, where the plaintiff's alleged injuries were caused by the state court judgment. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Magistrate Judge Carlson concludes that Plaintiff's complaint invites us to review and reject adverse state court rulings in a domestic relations case. Pursuant to the dictates of *Rooker-Feldman,* we lack the ability to do so. Thus, dismissal of the Plaintiff's claims are warranted. *See Kwasnik v. Leblon*, 228 F.App'x 238, 242 (3d Cir. 2007).

Next, Magistrate Judge Carlson engaged in a thorough analysis of the immunities available to the named Defendants. In this matter, Plaintiff seeks to hold two state judges, Defendants Judge Harry Ness and Judge Clarence Patterson, liable for civil rights violations based on their judicial rulings. However, it is well settled that judicial officers, and those performing adjudicative functions, are protected by immunity. *See Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Further, Plaintiff named the City of York as a Defendant and attributed the state court actions to the municipality. However, as explained by the Magistrate

Judge, the City of York cannot be held liable for actions of state judges. *See Wattie-Bey v. Attorney Gen.'s Office,* 424 F. App'x 95, 97 (3d Cir. 2011).

Finally, Magistrate Judge Carlson found that the state agencies named by the Plaintiff as Defendants are shielded from suit by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment grants the states sovereign immunity in federal court and that immunity can only be relinquished by express waiver or congressional action. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). When suit is brought against a state agency or a state official, it is as though suit was brought against the state itself. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). It therefore follows that the protections of sovereign immunity extend from the state to protect state agencies and officials. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Thus, because York Pennsylvania Children and Youth is a state agency, it is protected from this lawsuit by sovereign immunity.

As we have already mentioned, Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. We agree with the Magistrate Judge that, given the Plaintiff's *pro se* status, it is appropriate to grant him one final opportunity to amend his complaint. With a mind towards

conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 4) is **ADOPTED** in its entirety.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice.

3. Plaintiff shall file an Amended Complaint within twenty (20) days from the date of this Order.

4. This matter is **REMANDED** to Magistrate Judge Carlson for all further pre-trial management.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge